Good morning, Your Honor. Deanna Dotson on behalf of the appellant Dennis Perry. The court has asked us to address two questions, and I'd like to address the second question first, if I may. And that question is whether or not the court should consider the issue waived because it was first raised in the reply brief. Mr. Perry contends that it was not waived, this issue was not waived by his answer in the reply brief. And in the case of United States v. ULA, there are three exceptions or circumstances in which this court can review an issue if it was only brought in the reply brief. The first one is if there's good cause shown, or if a fair to do so would result in manifest injustice. I think that this first one is very applicable as we go through and discuss all these other reasons and also the evidence that was presented. He was charged with a jury trial. His offense level came out to be level 20 with a maximum of 51 months guideline range, and yet he was sentenced to 200 months, and I think that's a manifest injustice right there. If it wasn't proven that he qualified under the Armed Career Criminal Act, then that's 150 months more than what he should have been sentenced to. The second reason is if it is raised in the appellee's brief. Now, the government argued, the argument that the appellant brought forth was mainly a Booker argument that this proof needed to be, in order to satisfy the Sixth and Fifth Amendments, it needed to be beyond a reasonable doubt or be before a jury. It just could not be by preponderance, and that was objected to in the lower court. It was talked about during many of the hearings, and that was the main argument that whether or not he qualified or the proper evidence was before the court, it should have been by, under the Sixth Amendment guidelines. Well, in the appellee's brief, on page 25 of their brief, they mention that we never argued about these three predicates, drug trafficking or violent felonies, as defined under the Act, and then they go in to say that Mr. Perry stipulated to the authenticity and ultimate admissibility of his qualifying convictions. However, he didn't qualify that. I mean, he did not stipulate. He stipulated that he had qualifying, I mean, that he had predicate offenses, but he did not stipulate that they were violent or qualified under the Act. But the point of this is, the brief goes on for almost 14 pages, arguing how they did support, and it's a preponderance of the evidence standard, in order to qualify under the ACC Act. So, the appellee has brought up this brief, this issue, in their brief. On the reply brief, then, Mr. Perry responded to those allegations in his reply brief, saying, in the alternative, then, even if you find that it's preponderance of the evidence, the government still didn't meet this burden, and this is how they didn't meet the burden, and that was the basis of the reply brief. So it was brought up in the appellee's brief. Also in the appellee's brief, in their supplemental excerpts of record, more than half of these excerpts are contained with the appellant's sentencing statements, where he argues that he doesn't qualify under the ACC Act. The stipulations are in here, so the government has presented in their extra evidence, besides what the appellant has presented in excerpts of evidence, additional evidence to support their argument. So they did bring this issue up in their reply brief. Going on to, I mean, in their brief, I'm sorry, in their original brief. The third reason is that you can review this issue if it does not prejudice the defense of the opposing party. In other words, if it doesn't prejudice the government. Well, the government has the burden to prove that the defendant qualifies, that his predicate offenses qualify under the ACC, so therefore it's their burden. So if they didn't do it in the first place, then how are they prejudiced if this information is brought out, fleshed out, because of their arguments? And so it's not going to prejudice them, because they have the opportunity in court to prove, which is their burden to prove, that he did qualify under the ACC Act. Well, do we know for sure that these convictions don't qualify? No, we don't, and that's your first question that I want to address. Mr. Perry is saying, no, they do not qualify, that the evidence was not presented that is required to be presented, and that's what the reply brief also pointed out, that they did not meet that burden. They did not supply the correct documentation in order to support that. Along this line about it's not going to prejudice, the court in U.S. v. Matthews, this same issue as far as whether or not qualified under the ACC was argued, and whether or not the issue was framed properly in the opening brief, the appellant framed it as a sufficiency of the evidence argument, and the court held there and said, well, the analysis we use here differs somewhat from that of the defense counsel. Such an analytical difference does not mean that Matthews has waived this issue on appeal. So just because Mr. Perry framed it as a 6th and 5th Amendment argument, that he felt that it should be proven beyond reasonable doubt, not a preponderance of evidence proof, doesn't mean that he wasn't saying that the government did not meet the burden to prove under ACC. He was just arguing a different line of argument, but he was still arguing that the government did not meet their burden, that he did not qualify under the Armed Criminal Act. For the first question, which asks us to identify and address the sufficiency of the documents or evidence that was presented in the lower court, using the United States v. Franklin case, which then refers back to Taylor v. U.S., which goes about the categorical analysis, whether or not predicate offenses qualify. And you need to look particularly, they were talking about the burglary offense, whether or not the, for generic burglary, whether the statute that the defendant was convicted under in a predicate offense, did that meet the standards required to qualify for the ACC. And so the case goes through and says what specific documentation is required to show that. And because Mr. Perry pled guilty pursuant to a plea agreement on all three of these charges on the same day, so it was all done at the same time, it was a plea agreement, then under Taylor it says that the charging or transcript of the plea hearing should have been presented to show that indeed these are the elements, this is the statute that he pled guilty to, these are the elements of that statute, did they qualify under the ACC. That was not done. All that was presented here was the pre-sentence report which listed the predicate offenses, it did not list the state statute, so you couldn't go look it up, you didn't know what it was. That was never mentioned in any of the transcripts about which statute he was convicted under. No other court documents or evidence, the pre-sentence report just went on unspecified court documents and police records for their facts that were stated in the pre-sentence report. There was no plea agreement, there were stipulations that were presented in the pre-sentence report that said I have three prior felony convictions, but he did not say that they were violent or that they qualified under the statute. The government was also going to submit a stipulation that he was convicted of these three, but again it doesn't list, this is on page 61 of their excerpts of records, the government's excerpts of records, it lists the three and it says that they are going to have these marked as exhibits to present at 12, which it was never done. And these exhibits were not attached to this stipulation and there's nothing in the record to show what those documents were, so I don't know what they were. There was no discussion of these documents on the record. So there's nothing on the record that shows that Mr. Perry, that the government submitted the correct documentation to support that he qualified under the armed control, and I see I'm out of time, so I wanted to reserve a minute at least for you all. We can have a minute. Okay. Thank you, Heather. Good morning. I am Wes Porter, Assistant United States Attorney for the District of Hawaii, and I'm representing the United States in this matter, the appellee. I too will address the questions that the panel has asked us to look at, and I too will address them in inverse order, and the first is, can we in fact consider something raised for the first time, the first time in the entire process, down below and through the appellate process, raised for the first time in a reply brief? And I think the court's clear in its prior decisions, specifically United States v. Montoya in a 1995 Ninth Circuit decision, that essentially says that the hard and fast rule is no to that question, and while my opposing counsel has raised a number of supposed exceptions or caveats to that hard and fast rule that you should not bring something or should not be permitted to bring something up on reply briefing. Counsel, as I read what took place before the trial court, they said that these did not qualify. That was stated. Now, it wasn't fleshed out to say you've got to go through this modified categorical analysis, but they did say that they didn't qualify. Is that not correct? The trial court said that the prior convictions did not qualify? No. The issue was raised. I don't believe so. No, Your Honor. And I don't know in what context, and I don't think opposing counsel has brought out in what context it was ever raised. The principal challenge at the trial court level that was preserved as this defendant went to jury trial and that was presented in the opening brief was the Fifth Amendment and Sixth Amendment challenges. That is, did the district court err in not allowing this determination to go to a jury, and did the district court err in using a preponderance of the evidence standard as opposed to beyond a reasonable doubt? I think that where I saw this was in the Second Amendment or Second, Third Amendment by the defendant to the PSR. They filed several sentencing statements and amended sentencing statements. Yes. And in one of those, they said that they didn't qualify. So anyway, that can be looked up, but that's what I clearly remember. In my review of the case, and of course when it was brought up in its reply brief for the first time, I did take that review of this case. Well, it wasn't really brought up for the first time. You certainly brought it up in your answering brief. I brought up and I addressed the fact that the district court, consistent with this court's early decisions and Supreme Court precedent, did the right thing and decided that an ACA determinations and whether prior convictions qualify under the Armed Career Criminal Act, they're sentencing determinations, and they're sentencing determinations for a judge and not for a jury. Similarly, the district court properly determined that once they are said to be sentencing determinations for the district judge, they are to be decided by a preponderance of the evidence standard and not beyond a reasonable doubt. Those were the two questions that were brought up in the brief, and those are the two questions that were brought up at the court below. And while I say in my reply brief essentially that there was no issue as to this, it was not raised below, it was uncontroverted as it was raised in the PSR and eventually taken on as findings of the district court in sentencing, never objected to the sufficiency of the prior convictions. And I think that's the critical distinction. The sufficiency of the documents relied on and the sufficiency of what those prior convictions actually were was never brought up below. And that may take us, and it looks like we're going to what would be the first question that the panel posed, and that is what was it essentially that it was. But did the district judge have the statutes before her? The district court did, and the answer to that is twofold. The first is what the government did in this case in an abundance of caution is I actually put the language in the indictment and was prepared to charge the predicate offenses under the Armed Career Criminal Act. We were doing that at that time in an abundance of caution. We went all the way up to the eve of jury trial with the judgment convictions, the judgments and the conviction packets before the district court, and essentially hearing on the eve of trial that the district court, essentially looking at a potential prejudice to the defendant, called its own hearing and sua sponte said, this is going to be my decision. I don't want this before a jury. And that's what, in my supplemental experts of record, that's what page 60 and 61 is all about. We had those judgments before the district court, and what the 60 and 61 is a stipulation between the parties, the trial counsel and myself for the defendant, about the admissibility of those documents as we went to trial. And I think a key distinction, as the panel directed us to look at United States v. Franklin and what documents we were relying on, the statute at issue in this case, which is Hawaii burglary statute in the second degree, and it's Hawaii Revised Statute 708810. And as I get into uncharted waters here as to what's in the record and what's not, that's precisely why this issue pulls back on my argument as to why this was not adequately addressed in my reply brief. Because now I'm going into things that I'm essentially informing the panel of for the first time. And that is, that Hawaii burglary statute in the second degree is one sentence long and is the generic element of burglary. It is going into a building unlawfully, remaining therein with an intent to commit a crime therein. How does Hawaiian law define a building? It's flushed out through case law. Pardon? It's flushed out through case law and it's essentially pretty broad. Because that's that's part of the argument is that they include storage sheds. And well, I think I think the argument, as I read it and again addressing it for the first time, is slightly disingenuous in the sense that this is in the PSRs before this panel in paragraph 47 addresses the actual factual basis for that burglary to conviction under Hawaii state law. They broke into a storage locker inside a building. So for a council to bring it up and say this is dealing with a burglary. Second, that has to do with going in a storage container. Not necessarily the case. It's entering the building with the unlawful intent to commit a crime therein, which was eventually entering a storage locker. It was just the same building all three times. Two of the times. Yeah. And it was a Hawaii film studio for the Baywatch. That's right. And I don't think there's any issue that the distributing promoting drugs in the first degree was a qualifying serious drug conviction under the Armed Career Criminal Act. Exactly what documents did you introduce? The PSR is not enough. We know that. I would have one thing to say about that, Your Honor. And that would be this. I asked you what documents did you introduce? And it would be in the context of when we were going to trial that all those judgments judgments of conviction were before the district court. And how would they be for the district court? Essentially, the government in its case in chief was going to introduce them unless the unless the defendant was willing to say, I stipulate to them and I don't want that for the jury. That was the practice that we were engaged in at that time. They never were introduced. Is that right? They weren't introduced before a jury trial. They were certainly before the district court. Well, I mean, what does that mean? The district court had the judgments for these underlying convictions. Did you say, Your Honor, you have the state court judgments for these underlying convictions before you. They were to be filed at. Did you do that? I did not because we were What you're talking about is you just gave her a bunch of papers. And it was in there. And those papers were never used. Because you didn't go to trial. We didn't go to trial. It's just that I mean, you went to trial. Yeah, she accepted this issue out of trial and said, this is going to be reserved for my determination. So upon having these these documents in the judge's possession, she knows that she's reserving this very determination that she's precluding the government from going forward on a trial and saving it for her exclusive determination as sentencing. So it's not just a packet of documents that, you know, takes on the form of an exhibit not used at trial. This is we're not going to do this here before a jury. We're going to do it as my determination later on. So she has the judgment. And I would have one thing to say in response to the question with regard to the judgements. Were they certified? Yes, absolutely. Yeah. They entered the evidence. They were not. They were not. They're not before the jury or entered into evidence at trial. But how do we know they're before the judge? I mean, I wouldn't have a way to respond that is not in the record. I mean, I. That's our problem. You see, we looked and we couldn't find anything. Because it was raised for the first time in its reply brief. That's a simple answer to that. If raised as a plain error, you know, this was something that the panel should look at in an opening brief, that could be part of this record. The government was deprived of making it part of this record because it's raised for the first time in a reply brief. And the one thing I have one second, if I'd like to make one point with regard to the PSR alone, if that's if I'm permitted to do so. You could have moved to add to the record. I could have. And I think a key distinction for why we're looking at the PSR alone in this case and why it may be different from the way the court came down in Franklin. Franklin, by the statute, was looking at the California burglary statute. They needed to use Taylor and Franklin's modified categorical approach that is to go beyond the statute and beyond the mere fact of conviction. And here in Hawaii, in the statute at issue, everyone, every defendant convicted of burglary second in Hawaii is going to be considered a violent felony for armed career purposes. So it's just a mere fact of conviction. And if you rely on the court's earlier decision in Romero, PSR can be in PSR alone. An uncontroverted PSR can be alone. It could be enough for that purpose. Thank you. Your view, then, is sufficient that you have a stipulation that he was convicted. Yes. Of second year burglary. Yes. Under that particular statute in Hawaii. You say that is sufficient to meet the categorical law. Yeah. To me, the categorical approach, not the modified categorical approach, because all I need is the fact that he's convicted of that statute. We don't have to go beyond it and do that limited inquiry that the Taylor court asks us to do in certain circumstances when conviction alone is not enough to shed light on that. So that would be my position. And if remanded and if sent down to go through these inquiries, that will be the that will be the discussion before the district court that we need not even look beyond the mere fact of a judgment. Well, let me let me ask you this. In a Hawaii court, when the instruction is given on second degree burglary, what does the judge say? What are the instructions covered? In Hawaii state court? Yeah. I can only tell you that it would mirror the very basic. I mean, unlike the California statute, which is a page long, the Hawaii statute is one sentence. I know. But what does the judge cover? Does he cover all these other situations like boats or containers or whatever? I imagine that comes down to the individual case, whether they actually define words like building in their jury instructions. I imagine it would. Well, do they? I don't know that offhand, what they do in Hawaii state court as far as. But the fact is, in this case, it was a building. It was the Hawaii Film Studio building. And it's not subject to the ambiguity. We're not talking about a railroad car on a train like it was mentioned in the California statute. You know, in a way, it's good for you to do things perfectly. See? Then we don't have as many issues on appeal. But we do, in a way, have to thank you because the more issues we have, the more job security we have. Thank you. Okay. You have a minute. Thank you. It was mentioned in one of the pre-sentence reports and it's in his, I mean, sentencing statements on page 36 of the government's that he does mention that Mr. Perry does not qualify under the Armed Criminal Act, that the government hasn't met its burden. And I don't see anywhere in the record and I don't recall anywhere seeing the statute that was referenced. Just saying that you are convicted in burglary in the second degree doesn't give me any information and it doesn't give the, I mean, this is federal court relying on federal statutes so there's not enough information in the record to say that the actual conviction with all the elements was there. What was he guilty of? What was in the plea agreement? That's not there. These documents that were submitted with the stipulation that he was going to submit these documents, which is on the last page, 61 it just says certified documents are marked it doesn't say what documents they are. And so how are we going to know what documents because they were not attached they were never addressed in the sentencing hearings as to what documents the court relied upon in order to find that Mr. Perry qualified under the Armed Criminal Act. This was brought up. It was just brought up as a different argument but it was still brought up that he did not qualify relying on the Booker reasonable, needs to go beyond reasonable doubt argument was brought up but it was also always argued below that he did not qualify under the Armed Criminal Act and the government had that burden to prove that he did with the evidence that is required and that was not done. And the government shouldn't get it if the court finds this should not get another chance to bring the evidence that they failed to bring in the first place. Thank you, Your Honor. Okay, matter stands submitted and we'll go to next matter, U.S. versus
judges: B. Fletcher, Pregerson, Canby